IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| George M. Newton, | Case No. 3:06 CV 2578 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Michael Glonek, et al., | |
| Defendants. | |

*Pro se* Plaintiff, George Newton, filed the instant action *in forma pauperis* against Chrysler Corporation employee Michael Glonek and Michelle Robinson, Human Resources Manager for Retailers Security & Investigations Group (RSIG). Plaintiff alleges violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3), as well as wrongful discharge in violation of Ohio Revised Code § 4141.29(D)(2)(a). He seeks nominal, pecuniary, non-pecuniary, rescissory and exemplary damages based on "violence, malice, wicked conduct, fraud and retaliation" (Compl. at ¶ 17).

## BACKGROUND

Newton was employed by RSIG to work as a security guard at the DaimlerChrysler JEEP plant in Toledo, Ohio from July 2004 until July 2005. He alleges that "[t]he boss had people saying it was all right to sleep on your break, while the boss watch for you on your's [sic] break." He further contends that, while waiting for severe fog and rain to clear when he was sitting in his car at the plant

on July 24, 2005 at 1:40 a.m., Defendants accused him of sleeping on the job and "acted as if I had been doing drugs, told me to leave or they would call the police" (Compl. at ¶ 3).[1] According to the Complaint and its attachments, Newton claims he was on a lunch break at the time he was fired, and he was not given the opportunity to appeal his employer's decision "in violation of the Equal Protection Act (EPA)." He claims this is a breach of his "contract At-Will," and that he was not afforded a meeting with the new manager regarding the chain of command policy. "Also an excessive use of force, in that they had to call the police if I didn't leave the lot without Chain of Command" (Compl. at ¶10) (emphasis in original).

Within 72 hours after he was terminated, Newton filed charges with the Ohio Civil Office based on "illegal discharge and retaliation by lot manager." *Id.* Newton claims he was fired in retaliation for complaining to the Equal Employment Opportunity Commission (EEOC) that Chrysler violated the FLSA and needed to use him as a "scape goat" after an employee was murdered by a coworker at the JEEP plant on January 26, 2005.

It is difficult to connect Newton's numerous conclusory references to principles of law from any facts that are relevant to his case. It does appear however that on a date not disclosed in the Complaint, he may have filed charges of discrimination with the EEOC for back pay and punitive damages, because he alleges "the E.E.O.C. gave me the right to suit [sic] for back pay Sept 20 2006 [under the] Equal Pay Act, Title VII, the Americans with Disabilities Act, Fair Labor Standards Act, which provides that employers violating the Act are liable for unpaid wages and 'an add on equal amount as liquidated damages'" (Compl. at ¶ 1). The only communication he provides in the

---

[1] In his Complaint, Newton states he was fired on "July 24, 2004;" however, the Court presumes this is a typographical error because his claim before the Ohio Department of Job and Family Services (ODJFS) indicated he was discharged on "July 20, 2005." Furthermore, a date in 2005 would follow his allegation that he was discharged as a result of a shooting incident that occurred in January 2005.

2

Complaint regarding the EEOC, however, is a Memorandum captioned, "RE: Wherefore Clause," dated November 1, 2005 and addressed to the EEOC. In the Memorandum, Newton claims that RSIG "never gave me a contract book or an evaluation on how I could move up in security; also a good uniform to show who they are, or an ID card. These are the facts of their conduct" (Pl.'s Ex. BB). There is also an attachment to the Complaint from the ODJFS which found that Newton was discharged without just cause under Section 4141(D)(2)(a) of the Ohio Revised Code.

## STANDARD OF REVIEW

*Pro se* pleadings must be liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## FAIR LABOR STANDARDS ACT (FLSA)
## FAILURE TO STATE A CLAIM

Accepting the facts as pleaded and taking Newton's *pro se* status into consideration, he has failed to state a claim. To establish a *prima facie* case of retaliation under the FLSA, an employee must prove that (1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) (formerly 28 U.S.C. § 1915(d)) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

adverse to him; and (4) there was a causal connection between the protected activity and the adverse employment action. *See*, *e.g.*, *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 568 (6th Cir.1999). Such a *prima facie* showing of retaliation "creates a presumption that the employer unlawfully discriminated against the employee." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). Under the anti-retaliation provision of FLSA, an employer is prohibited from "discharg[ing] or in any other manner discriminat[ing] against [an] employee because such employee has filed [a] complaint or instituted . . . any proceeding under [the FLSA]." 29 U.S.C. § 215(a)(3). The facts alleged in this Complaint simply do not state that Newton filed or instituted any FLSA claim before he was discharged in July 2005.

The only act alleged to have occurred before Plaintiff was fired was the shooting incident on January 26, 2005.³ With regard to the incident, Newton leaves it to the Court to draw inferences from a Toledo Blade newspaper article attached to his Complaint. He has faintly highlighted several portions of the article under the headings "Life and Litigation" and "Security" revealing that Daimler-Chrysler, its security firm, Wackenhut Corp., and the estate of the employee who murdered a coworker were all sued. (See N.D. Ohio Case Nos. 3:06 CV 7053 and 3:05 CV 7201.) The tone of the article suggests that the claimants criticized the level of security provided by Daimler-Chrysler at the time of the tragedy. The Court assumes the article is attached to support Newton's theory that his termination was prompted by the company's attempt to appear serious about security at the plant.

At best, Newton is asserting a wrongful discharge claim. To the extent that he is basing that allegation on any discrimination in violation of a federal law, he has failed to state a claim. His claims

---

³ A body shop worker at the JEEP plant, who had complained in the past that his managers were "picking on him," reported to work that evening with a 20-gauge double-barreled shotgun under his hooded jacket. He subsequently killed his supervisor and injured his manager, before fatally shooting himself.

4

that the defendant violated the FLSA by failing to provide back pay relates to facts that occurred after he was already discharged. The Memorandum he wrote to the EEOC failed to allege any facts that Chrysler violated the FLSA. Moreover, the Memorandum is also dated <u>after</u> the date he was terminated, which defeats his claims of retaliation.

## SUPPLEMENTAL JURISDICTION

By statute, a district court may decline to exercise supplemental jurisdiction when it has dismissed all of the claims over which it has original jurisdiction. § 28 U.S.C. 1367(c)(3); *see Gregory v. Hunt*, 24 F.3d 781, 790 (6th Cir. 1994) (where no federal claims remain, the district court has discretion as to whether it should dismiss supplemental state law claims). Inasmuch as Plaintiff's federal claims cannot survive, this Court declines to exercise supplemental jurisdiction over any state law claims in this case pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, this action is dismissed under section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 14, 2007